# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. JOHNSON,<br>CDCR #E-11379,<br><br>                            Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden,<br><br>                            Defendant. | Civil No.   15cv1531 GPC (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br>**[ECF Doc. No. 2]**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**<br><br>**AND**<br><br>**(3) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br>**[ECF Doc. No. 4]** |

      John A. Johnson ("Plaintiff"), currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).

      Plaintiff claims the Warden of Richard J. Donovan Correctional Facility ("RJD") in San Diego, Daniel Paramo, violated his Eighth Amendment right to be free from cruel and unusual punishments in 2014 and 2015 by authorizing a policy which required

Plaintiff to produce a urine sample "in three hours or less time" or face administrative discipline. *See* Compl. at 2, 3. He seeks injunctive relief and well as general and punitive damages.[1] *Id.* at 5.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he submitted a certified copy of his prison trust account statement (ECF Doc. No. 2), which the Court construes as his Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). In addition, Plaintiff has submitted two identical letters requesting permission to amend his original demand for punitive damages, which the Court construes as a Motion for Leave to Amend (ECF Doc. Nos. 4, 6). *See Bernhardt v. Los Angeles Police Dept.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.")

# I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a

---

[1] While Plaintiff was incarcerated at RJD when he filed his Complaint, both his subsequent letters requesting leave to amend indicate he has since "been transferred to the [CHCF] in Stockton." *See* ECF Doc. Nos. 4, 6. Therefore, to the extent Plaintiff seeks injunctive relief against RJD's Warden Paramo, those claims for relief are moot. *See Preiser v. Newkirk*, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by his transfer to another prison); *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (noting that when an inmate has been released from custody or transferred to another prison and there is no reasonable expectation or demonstrated probability that he will again be subjected to the conditions from which he seeks injunctive relief, his claim for injunctive relief should be dismissed as moot). The mere possibility that Plaintiff might potentially be transferred back to RJD sometime in the future is too speculative to overcome mootness. *Id.*; *see also Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1 | prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full
2 | entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015),
3 | regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) &
4 | (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

5 |       Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act
6 | ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the
7 | trust fund account statement (or institutional equivalent) for the . . . six-month period
8 | immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*
9 | *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement,
10 | the Court assesses an initial payment of 20% of (a) the average monthly deposits in the
11 | account for the past six months, or (b) the average monthly balance in the account for the
12 | past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.
13 | § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then
14 | collects subsequent payments, assessed at 20% of the preceding month's income, in any
15 | month in which the prisoner's account exceeds $10, and forwards those payments to the
16 | Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

17 |       Plaintiff has submitted a certified copy of his trust account statement pursuant to
18 | 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court
19 | has reviewed Plaintiff's trust account activity, which shows he has carried no balance
20 | and has had no deposits to his account over the six-month period preceding the filing of
21 | his Complaint. Consequently, Plaintiff had a balance of zero in his account at the time
22 | of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be
23 | prohibited from bringing a civil action or appealing a civil action or criminal judgment
24 | for the reason that the prisoner has no assets and no means by which to pay [an] initial
25 | partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as
26 | a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure
27 | to pay . . . due to the lack of funds available.").
28 | / / /

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee owed must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   **A.     Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

**B.    42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.    Individual Liability and Causation**

Plaintiff identifies only one defendant in the caption of his Complaint, Daniel Paramo, the Warden at RJD. *See* Compl. at 1. On the second page of the Court's form

complaint where he is asked to identify the persons he wishes to hold liable, Plaintiff again identifies only Paramo, who is alleged to have "authoriz[ed]" his urinalysis as well as the "writing [of] CDC 115s against [him]" based on his failure to "produc[e] a urine [sample] in 3 hours or less time." *Id.*

However, the body of his Complaint contains no "further factual enhancement" which describes how, or to what extent, Warden Paramo was actually aware of or took part in Plaintiff's urinalysis, or participated in any disciplinary CDC 115 rules violation proceedings which allegedly followed. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

The Court presumes Plaintiff seeks to sue Paramo because he was the Warden of RJD "beginning July 9th 2014," when Plaintiff alleges another correctional officer named Silva, who is *not* named as a defendant, "notified" him that he was "due for [urinalysis]." *Id.* at 3. The Court further presumes Plaintiff seeks to hold the Warden responsible for the CDC 115 rules violation disciplinary charges that were later filed against him due to his failure to produce urine samples as required. *Id.* However, Plaintiff includes no detail as to what Warden Paramo specifically did, or failed to do, in relation to his urinalysis or his disciplinary hearing which resulted in a violation of his constitutional rights. *Iqbal,* 662 U.S. at 678 (noting that FED.R.CIV.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).

/ / /

Thus, for this reason alone, the Court finds Plaintiff's Complaint sets forth no facts which might be liberally construed to support any sort of individualized constitutional claim against Paramo, whom Plaintiff purportedly seeks to sue based on the position he holds as Warden of RJD and not because of any individually identifiable constitutional misconduct alleged to have caused him injury. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S. at 370-71).

Accordingly, Plaintiff's Complaint requires dismissal on this basis alone pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D. "Cruel and Unusual Punishment" Claims

Even if Plaintiff had alleged facts sufficient to connect Warden Paramo, or any other correctional officer at RJD to any injury he may have suffered, he has still failed to state a plausible Eighth Amendment claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678. This is in part because it is not clear whether Plaintiff's is alleging his Eighth Amendment rights were violated because he was required to submit to urinalysis under conditions which failed to take into account the fact that he was taking medications that "inhibit[ed]" his ability to produce a urine sample, *see* Compl. at 3, *or* because he was "punished with no night yard, no q[uarterly] p[ackages]," and "no canteen," as a result of "being found guilty at a 115 hearing," based on his failure to comply. *Id.* Either way, however, the Court finds Plaintiff has failed to "plead factual content that allows [it] to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

To state an Eighth Amendment claim based on a deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to satisfy two requirements.

1  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300. "[A]fter incarceration only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment." *Jeffers v. Gomez*, 267 F.3d 895 (9th Cir. 2001) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "[A]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (quotations omitted).

Even if he alleges a deprivation that is sufficiently serious, Plaintiff must also allege facts sufficient to show the "the officials involved acted with 'deliberate indifference' to [his] health or safety." *Id.* at 738. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As currently pleaded, Plaintiff's Complaint fails to allege facts sufficient to show that any prison official at RJD knew of and disregarded a substantial risk of physical or mental harm to him by requiring him to submit to urinalysis. *Id.*; *see also Hinkley v. Warner*, __ Fed. App'x __, 2015 WL 5172870 at *1 (9th Cir. Sept. 4, 2015) (No. 14-35603) (finding district court properly dismissed prisoner's random urinalysis drug testing claim as violation of Eighth Amendment for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Hurd v. Scribner*, No. CIV 06CV0412 JAH LSP, 2007 WL 1989688, at *14-15 (S.D. Cal. May 2, 2007) (finding prisoner's disciplinary

conviction for refusing to submit a urine sample in violation of California Code of Regulations, title 15, § 3290(d), which resulted in his being subject to a "90-day credit forfeiture, a 30-day loss of telephone privileges, and a 10-day loss of yard privileges," insufficient to constitute cruel and unusual punishment); *cf., Sheehy v. Palmateer*, 68 F. App'x 77, 78-79 (9th Cir. 2003) (finding prison officials entitled to qualified immunity based on claim that they subjected plaintiff to disciplinary sanctions for failing to provide a urine sample in violation of the Eighth Amendment).

In addition, to the extent Plaintiff claims he was deprived privileges like yard time, canteen, and access to quarterly packages as a result of his failure to comply with prison regulations requiring he provide urine samples, *see* Compl. at 3, his Complaint also fails to allege factual content sufficient to satisfy the objective component of an Eighth Amendment violation. *Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting," as opposed to "those deprivations denying 'the minimal civilized measure of life's necessities,'" *e.g.*, "food, clothing, shelter, sanitation, medical care, or personal safety," *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), are simply "[in]sufficiently grave to form the basis of an Eighth Amendment violation." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quoting *Rhodes*, 452 U.S. at 347).

Based only on the allegations currently set forth in Plaintiff's Complaint, the Court cannot reasonably infer that Warden Paramo, or any RJD official, subjected Plaintiff to urinalysis, or otherwise deprived him of any of life's "minimal necessities" with "deliberate indifference" to any obvious or substantial risk of serious harm. *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 834, 837. Accordingly, this civil action is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

**III.    Plaintiff's Motion to Amend**

Plaintiff has also submitted two letters, one addressed to this Court, and another to U.S. Magistrate Judge Jan M. Adler, requesting leave to amend his Complaint in order

to increase his original demand for punitive damages. *See* ECF Doc. Nos. 4, 6. Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV.   Conclusion and Orders

Good cause appearing, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2);

2.   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4.   **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

5.   **GRANTS** Plaintiff's Motion to Amend [ECF Doc. No. 4]. Plaintiff may reopen this case by filing an Amended Complaint which addresses the deficiencies of pleading identified in this Order within forty-five (45) days. Plaintiff is cautioned his Amended Complaint must be complete in itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the Amended

Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); and

6. **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983," for Plaintiff's use in amending. If Plaintiff chooses to amend, he must caption his pleading as his Amended Complaint, and include Civil Case No. 15cv1531 GPC (JMA) on its title page.

**IT IS SO ORDERED**.

DATED: November 5, 2015

HON. GONZALO P. CURIEL
United States District Judge