UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. JOHNSON, CDCR #E-11379,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO,<br><br>　　　　　　　　　　Defendant. | Case No.   15-cv-1531 GPC (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND**<br><br>**(ECF Doc. No. 9)** |

**I.　PROCEDURAL HISTORY**

John A. Johnson ("Plaintiff"), currently incarcerated at the California Health Care Facility in Stockton, California, is proceeding pro se in this civil rights action, which he filed pursuant to 42 U.S.C. § 1983 on July 9, 2015. *See* Compl., ECF Doc. No. 1.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he submitted a certified copy of his prison trust account statement (ECF Doc. No. 2), which the Court has construed as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). In addition, Plaintiff submitted two identical letters requesting permission to amend his original demand for punitive damages, which the Court has construed as a Motion for Leave to Amend (ECF Doc. Nos. 4, 6). *See Bernhardt v. Los Angeles Police Dept.*, 339 F.3d 920, 925 (9th Cir. 2003)

("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

On November 5, 2015, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) *See* ECF Doc. No. 7 at 10-11. The Court further granted Plaintiff 45 days in which to file an Amended Complaint that addressed the deficiencies of pleading identified by the Court. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

## II. PLAINTIFF'S MOTION

On December 8, 2015, Plaintiff submitted a letter in which he claims to suffer from hallucinations due to his psychiatric condition and the effect of various medications. *See* Pl.'s Mot. (ECF Doc. No. 9) at 1. Plaintiff claims he is "not very well," has difficulty "put[ting] down a paragraph on paper," and "in [his] hurry to amend, not thinking right, messed up [the form] complaint" that the Clerk of Court sent to him pursuant to the Court's November 5, 2015 Order. *Id.* at 2. Plaintiff asks that another form Complaint be mailed to him, and for additional time in which to submit it, because he was confused as to whether the 45 days previously granted included calendar or "business" days. *Id.*

Plaintiff's request for an extension of time is timely, he remains incarcerated, and is still proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). Thus, the Court finds good cause exists to support Plaintiff's request. "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir.

1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

### III. CONCLUSION AND ORDER

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Motion for an Extension of Time to Amend (ECF Doc. No. 9) is **GRANTED**. Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, January 25, 2016**. Plaintiff is again cautioned, however, that his Amended Complaint must be complete in itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

2. The Clerk of Court is **DIRECTED** to provide Plaintiff with another blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983," for Plaintiff's use in amending. If Plaintiff chooses to amend, he must caption his pleading as his Amended Complaint, and include Civil Case No. 15cv1531 GPC (JMA) on its title page.

3. If Plaintiff does *not* to file an Amended Complaint by January 25, 2016, this civil action shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for all the reasons set forth in the Court's November 5, 2015 Order, and without any further Order by the Court.

DATED: December 15, 2015

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge