UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALAN JOHNSON, CDCR #E-11379,<br><br>                                Plaintiff,<br><br>vs.<br><br>S. RINK, Correctional Lieutenant, et al.,<br><br>                              Defendants. | Case No.: 3:15-cv-1531-GPC-JMA<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(b)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

John Alan Johnson ("Plaintiff"), a state prisoner currently incarcerated at the California Health Care Facility in Stockton, California, is proceeding pro se in this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

**I.    Procedural History**

On November 5, 2015, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which relief could be granted. *See* Nov. 5, 2015 Order (ECF No. 7). The Court provided Plaintiff with notice of his Complaint's pleading deficiencies and

/ / /

granted him 45 days leave in which to amend. *Id.* at 5-10. On January 21, 2015, Plaintiff filed his Amended Complaint (ECF No. 11).

## II. Initial Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A*; Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A. Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

B.   **Plaintiff's Claims**

In his original Complaint, Plaintiff named only one defendant, Daniel Paramo, the Warden of Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. *See* Compl., ECF No. 1 at 2. Plaintiff claimed Paramo violated his Eighth Amendment rights while he was incarcerated there from July 9, 2014 through May 12, 2015 by "authorizing" a urinalysis policy under which Plaintiff was required to submit a urine sample or face administrative discipline. *Id.* at 2-3. Because Plaintiff failed to allege facts sufficient to show that the Warden was personally responsible for violating his constitutional rights, the Court dismissed Plaintiff's Complaint for failing to state a claim

pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* Nov. 5, 2015 Order, ECF No. 7 at 5-7. The Court further noted that "even if Plaintiff had alleged facts sufficient to connect Warden Paramo . . . to any injury he may have suffered, he . . . still failed to state a plausible Eighth Amendment claim." *Id.* at 7. Plaintiff was granted leave to amend, and specifically advised that the Eighth Amendment required him to plead facts sufficient to show both that his deprivations he suffered were objectively serious and that "the officials involved acted with 'deliberate indifference' to [his] health or safety" by requiring him to submit to urinalysis. *Id.* at 8 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff's Amended Complaint no longer names Warden Paramo and instead names RJD Correctional Lieutenants S. Rink, R. Calvert, F. Garza, B. Kirby, A. Allamby, L. Skelton, K. Spence, D. Arguliez and R. Lawson as Defendants. *See* Amend. Compl., ECF No. 7 at 1-2, 25, 29. Plaintiff contends these officials violated his right to be free of cruel and unusual punishment by charging him with and disciplining him for repeated CDC 115 Rules Violations for refusing urinalysis as required by CAL. CODE REGS., tit. 15 § 3290(d) while he "was on medication that made it impossible for [him] to provide a urin[e] sample within three hours." *Id.* at 3, 4.[1] Plaintiff further contends the discipline he faced, including the "loss of evening yard" and his confinement to quarters as a result, *id.* at 5, 12, 15, 18, 21, violated his right to freedom of association. *Id.* at 3, 18.

### C. Cruel and Unusual Punishment

Plaintiff alleges the disciplinary convictions he suffered pursuant to CAL. CODE REGS., tit. 15 § 3290(d) between August 3, 2014, and May 22, 2015, violate the Eighth

---

[1] Section 3290(d) provides that California inmates "must a provide a urine sample when ordered to do so . . . for the purpose of testing for the presence of controlled substances or the use of alcohol." CAL. CODE REGS. tit. 15, § 3290(d). *See Martinez v. Busby*, No. EDCV 11-604 VAP FFM, 2013 WL 1818268, at *6 (C.D. Cal. Mar. 7, 2013), report and recommendation adopted, No. EDCV 11-604 VAP FFM, 2013 WL 1800439 (C.D. Cal. Apr. 29, 2013).

Amendment's prohibition of cruel and unusual punishments. *See* Amend. Compl., ECF No. 11, at 3-5, 10, 12, 15, 18, 21.

First, the Court notes that the Ninth Circuit has held that compelled urinalysis testing within the prison setting does not violate either the Fourth or the Fourteenth Amendments. *See Thompson v. Souza*, 111 F.3d 694, 701-02 (9th Cir. 1997) (finding urinalysis of plaintiff was not harassment or violation of right to privacy even where plaintiff was selected for testing based on his cellmate's prior drug violations); *see also* 28 C.F.R. § 541.3 (federal regulation revoking conduct credits for an inmate's refusal to provide a urine sample); s*ee also Floyd v. Uribe*, No. EDCV 12-742-CAS OP, 2014 WL 696450, at *7 (C.D. Cal. Feb. 19, 2014).

The Court further notes that the Ninth Circuit has also recently upheld the sua sponte dismissal of a Washington state prisoner's Eighth Amendment challenge to random urinalysis drug testing pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Hinkley v. Warner*, 616 F. App'x 255 (9th Cir. 2015). In *Hinkley*, the Ninth Circuit held that because the plaintiff "failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk of physical or mental harm when he was selected for random urinalysis drug testing," his complaint failed to state an Eighth Amendment cruel and unusual punishments claim. *Id.* (citing *Farmer*, 511 U.S. at 837).

The same is true as to Plaintiff's Amended Complaint in this case. While he has now named the individual correctional officers who are allegedly responsible for "accusing" and "finding [him] guilty" of "refusing a urinalysis" in violation of CAL. CODE REGS., tit. 15 § 3290(d) on multiple occasions, *see* ECF No. 11 at 2, 25, 29, he still fails to plead facts to show that they did so with "'deliberate indifference' to [his] health or safety." *Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

As the Ninth Circuit held in *Hinkley*, and this Court noted in its November 5, 2015 Order, the deliberate indifference standard requires Plaintiff to plead facts sufficient to show that each prison official he seeks to hold liable under the Eighth Amendment

1  "kn[e]w[] of and disregard[ed] an excessive risk to [his] health or safety" by demanding
2  he submit to urinalysis. *See Hinkley*, 616 F. App'x at 255; ECF No. 7 at 8 (quoting
3  *Farmer*, 511 U.S. at 837). He has failed to do so.
4      While Plaintiff contends he was taking psychotropic medication that impeded his
5  urine flow and that he repeatedly cited his medication as the reason why he was unable to
6  comply with CAL. CODE REGS., tit. 15 § 3290(d), *see* ECF No. 11 at 4-6, 10, 12, 17, 18,
7  21, 23, 25, he fails to allege that any Defendant consciously disregarded either his mental
8  health status or the potential effects of his medication during his disciplinary proceedings.
9  Plaintiff also fails to allege facts sufficient to show that the "harm" he faced as a result of
10 his disciplinary convictions, *i.e.*, his restricted yard access, limited visitation privileges,
11 or the time he spent confined to quarters, posed a serious threat or "substantial risk" to
12 either his health or his safety. *Farmer*, 511 U.S. at 837. "[T]here must be a conscious
13 disregard of a serious risk of harm for deliberate indifference to exist." *Toguchi v. Chung*,
14 391 F.3d 1051, 1059 (9th Cir. 2004).
15     In fact, the exhibits Plaintiff includes in his Amended Complaint indicate that
16 Defendants continually elected to "mitigate [Plaintiff's] penalties" based on documented
17 "mental health factors" on January 29, 2015, February 20, 2015, March 5, 2015, March
18 18, 2015, April 11, 2015, and March 29, 2015, *see* Amend. Compl. (ECF No. 11) at 11,
19 13, 17, 23-24, 27, but nevertheless concluded, after reviewing his mental health records,
20 that "none of the medications [Plaintiff] [wa]s . . . taking cause[d] urine flow or
21 production problems," *id.* at 24, and "no medical documentation from [Plaintiff's] doctor
22 support[ed] his claims. *Id.* at 27.
23     While Plaintiff does allege that his most recent CDC 115 Rules Violation was
24 "quickly cancelled" after J. Hansson, M.D., a staff psychiatrist at RJD, issued him a CDC
25 128-B "General Chrono" on May 27, 2015, indicating that his medication was "likely to
26 prohibit producing a urine sample within a 3-hour window," *id.* at 35, he does *not*
27 contend that any such order existed before May 27, 2015, or that any of the named
28 Defendants were aware of any such order when they found him guilty of violating CAL.

1    CODE REGS., tit. 15 § 3290(d) between August 3, 2014 and May 22, 2015. *Id.* at 4; *see*
2    *also Farmer*, 511 U.S. at 837 (official is deliberately indifferent when he subjectively
3    knows of and disregards "an excessive risk to" the inmate's health or safety, or the
4    official is "aware of facts from which the inference could be drawn that a substantial risk
5    of serious harm exists, and he . . . [draws that] inference."); *Jeffers v. Gomez*, 267 F.3d
6    895, 913 (9th Cir. 2001) ("A prison official is deliberately indifferent to a substantial risk
7    of serious harm to inmates if that official is subjectively aware of the risk and does
8    nothing to prevent the resulting harm.").

9          Therefore, the Court finds that Plaintiff's Amended Complaint, like his original
10   pleading, still fails to state a plausible claim for relief under the Eighth Amendment. *See*
11   *Iqbal*, 556 U.S. at 678; *Hinkley*, 616 F. App'x at 255; *see also Hurd v. Scribner*, No. CIV
12   06CV0412 JAH LSP, 2007 WL 1989688, at *14-15 (S.D. Cal. May 2, 2007) (finding
13   prisoner's disciplinary conviction for refusing to submit a urine sample in violation of
14   California Code of Regulations, title 15, § 3290(d), which resulted in his being subject to
15   a "90-day credit forfeiture, a 30-day loss of telephone privileges, and a 10-day loss of
16   yard privileges," insufficient to constitute cruel and unusual punishment); *cf.*, *Sheehy v.*
17   *Palmateer*, 68 F. App'x 77, 78-79 (9th Cir. 2003) (finding prison officials entitled to
18   qualified immunity based on claim that they subjected plaintiff to disciplinary sanctions
19   for failing to provide a urine sample in violation of the Eighth Amendment).

20         **D.**    **Freedom of Association**
21         Plaintiff also claims Defendants "took [his] freedom of association" by "dish[ing]
22   out cruel and unusual punishments," including the loss of "evening yard," placing him on
23   "C" status, and confining him to quarters for violating CAL. CODE REGS., tit. 15
24   § 3290(d). *See* Amend. Compl. (ECF No. 11) at 3, 5, 10, 12, 15, 18.

25         Incarceration by necessity restricts the scope of a prisoner's associational rights.
26   *Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003); *Rizzo v. Dawson*, 778 F.2d 527, 532
27   (9th Cir. 1985). Therefore, a regulation that impinges on an inmate's First Amendment
28   rights "is valid if it is reasonably related to legitimate penological interests." *Turner v.*

*Safley*, 482 U.S. 78, 89 (1987); *see also Beard v. Banks*, 548 U.S. 521, 526 (2006).

Thus, in order to state a First Amendment freedom of association claim, Plaintiff must plead facts sufficient to show how or why the disciplinary punishments he received for violating CAL. CODE REGS., tit. 15 § 3290(d), *i.e.,* his evening yard and visitations restrictions, as well as the 65 days he alleges to have been "confined-to-quarters" as a result, do not serve any legitimate penological interest. *See Turner*, 482 U.S. at 89-90; *see also E. v. California Dept. of Corr.*, No. 1:09-CV-01739, 2010 WL 3463880, at *7 (E.D. Cal. Sept. 1, 2010).

Here, Plaintiff's Amended Complaint fails to include any factual content to show that CAL. CODE REGS., § 3290(d) serves no legitimate penological purpose, or more specifically, why Defendants' refusals to acknowledge claims that his medications prevented compliance served no rational penological goal. *Turner*, 482 U.S at 89*; see also Iqbal*, 556 U.S. at 678; *Thompson*, 111 F.3d at 702 (finding random drug testing reasonably related to legitimate penological interests because "[t]here is no question that 'use of narcotics is a problem that plagues virtually every penal and detention center in the country.'" (citation omitted). Indeed, even if Plaintiff did allege Defendants' decision to enforce CAL. CODE REGS., tit. 15 § 3290(d) served no legitimate penological purpose, courts nevertheless "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them," *Overton*, 539 U.S. at 132, and "[t]he burden . . . is not on the State to prove the validity of [a] prison regulation[] but on the prisoner to disprove it." *Id.* (citing *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128 (1977)).

Thus, because Plaintiff offers no "factual content that allows the court to draw the reasonable inference" that Defendants charged and ultimately found Plaintiff's guilty for refusing to submit to urinalysis drug testing pursuant to CAL. CODE REGS., tit. 15 § 3290(d) in violation of his First Amendment rights in the absence of any legitimate penological purpose, *see Iqbal*, 556 U.S. at 678; *Turner*, 482 U.S at 89; *Thompson*, 111

F.3d at 702, the Court finds these claims subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### E. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his complaint's deficiencies, as well as an opportunity to amend his claims to no avail, the Court finds further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

### III. Conclusion and Order

For the reasons set forth above, the Court:

(1) DISMISSES Plaintiff's Amended Complaint (ECF No. 11) without further leave to amend for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and

(2) CERTIFIES that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

IT IS SO ORDERED.

Dated: May 11, 2016

Hon. Gonzalo P. Curiel
United States District Judge